IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHUBB NATIONAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:17-cv-3721<br>) |
| CONCENTRATED, LLC; JON SINGER PRODUCTIONS; and COIN OPERATED FILMS, LLC, | )<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, Chubb National Insurance Company ("Chubb"), by and through its attorneys, and for its Complaint against Defendants, Concentrated, LLC, Jon Singer Productions, and Coin Operated Films, LLC (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 which arises out of an existing and actual controversy between the parties concerning the parties' rights and obligations under three inland marine insurance policies, policy number 7957-97-48 DTW, that provided film producers risk property and production media insurance for the benefit of Defendants from June 1, 2011 to June 1, 2012, June 1, 2012 to June 1, 2013, and June 1, 2013 to June 1, 2014 (collectively "the Policy"). A copy of each policy is attached as Exhibits A, B, and C.

**THE PARTIES**

2. At all times relevant herein, Chubb was and is incorporated under the laws of the State of Indiana with its principal place of business in New Jersey and was and is a citizen of the States of Indiana and New Jersey.

3. Since January 28, 2009, Concentrated, LLC ("Concentrated") has been a registered Illinois limited liability company with a principal place of business at 2156 West Fulton in Chicago, Illinois.

4. At all times relevant herein, Concentrated's sole member was and is Jonathan Singer. At all times relevant herein, Mr. Singer was and is domiciled in Illinois, and thus, is a citizen of the State of Illinois. Accordingly, at all times relevant herein, Concentrated was and is a citizen of the State of Illinois.

5. Concentrated was a named insured under the Policy from June 1, 2011 to June 1, 2014.

6. At all times relevant herein, Jon Singer Productions ("Singer") was an unincorporated business, and its sole member was and is Jonathan Singer. At all times relevant herein, Mr. Singer was and is domiciled in Illinois, and thus, is a citizen of the State of Illinois. Accordingly, at all times relevant herein, Jon Singer Productions was and is a citizen of the State of Illinois.

7. Alternatively, at all times relevant herein, Jon Singer Productions was and is an assumed name under which Jonathan Singer conducts business.

8. Jon Singer Productions was a named insured under the Policy from June 1, 2011 to October 22, 2013.

9. Jon Singer Productions has not made a claim for insurance coverage under the Policy and has not claimed to have suffered any loss during the effective policy periods.

10. Since September 28, 2012, Coin Operated Films, LLC ("Coin Operated") has been a registered Illinois limited liability company with a principal place of business at 1933 North Damen Avenue in Chicago Illinois.

11. At all times relevant herein, Coin Operated's sole member was and is Jonathan Singer. At all times relevant herein, Mr. Singer was and is domiciled in Illinois, and thus, is a citizen of the State of Illinois. Accordingly, at all times relevant herein, Coin Operated was and is a citizen of the State of Illinois.

12. Coin Operated was a named insured under the Policy from October 22, 2013 to June 1, 2014.

**JURISDICTION**

13. This Court possesses original jurisdiction of this civil action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds $75,000.00, exclusive of interest and cost, and is between citizens of different states.

**VENUE**

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the substantial part of the events or omissions giving rise to this action occurred in this judicial district. In addition, the employee embezzlement that is subject of this action took place in Cook County which is situated in this judicial district (28 USC § 93(b)(3)), and Defendants do business in this judicial district.

**FACTUAL BACKGROUND**

15. Concentrated and/or Coin Operated employed Margarita "Margie" Shabazz as a production manager and/or controller from approximately December 2011 through May 31, 2016.

16. Ms. Shabazz's duties and responsibilities included reconciling financial records and managing accounts payable and receivable through QuickBooks accounting software.

17. Ms. Shabazz also managed all on-site expenses during production shoots to ensure the payment of vendors.

18. It was a common business practice for Ms. Singer to give Ms. Shabazz blank, signed checks at production shoots so she could pay authorized vendors on site as needed.

19. Mr. Singer was the only person with check writing authority.

20. Ms. Shabazz did not have authority to sign checks on behalf of Concentrated or Coin Operated and was required to present checks to an authorized principal of Concentrated or Coin Operated for signature

21. From December 2011 through May 2016, Ms. Shabazz devised and participated in an embezzlement scheme to steal money from her employers, Concentrated and Coin Operated.

22. In furtherance of her embezzlement scheme, Ms. Shabazz employed the same *modus operandi* wherein she used blank checks that Mr. Singer had previously signed and made her company Gabmax, LLC ("Gabmax"), or sometimes herself, the payee on those checks.

23. According to records maintained by the Illinois Secretary of State, Gabmax was registered as an Illinois limited liability on December 19, 2006, and Ms. Shabbaz and her husband, James, are members.

24. Ms. Shabazz then hid those fraudulent payments in such a way that the payments looked like they had been legitimately written to a vendor with whom Concentrated and/or Coin Operated did business.

25. Ms. Shabazz's employment with Concentrated and Coin Operated was terminated in late May 2016.

26. On June 15, 2016, Mr. Singer reported to the Chicago Police Department that, since December 1, 2011, Ms. Shabazz had embezzled approximately $1.2 million.

27. Mr. Singer further reported that the embezzlement "was done through fraudulent checks and accounting, which she maintained through bookkeeping."

28. Between August 2011 and May 2016, Ms. Shabazz embezzled approximately $595,000 from Concentrated by fraudulently issuing approximately 30 checks payable to either Gabmax or herself.

29. Between August 2013 and May 2014, Ms. Shabazz embezzled approximately $185,000 from Coin Operated by fraudulently issuing approximately 10 checks payable to Gabmax.

30. Between June 2014 and May 2016, Ms. Shabazz embezzled approximately $870,000 from Coin Operated by fraudulently issuing approximately 55 checks payable to Gabmax.

31. On September 29, 2016, Ms. Shabazz was charged with bank fraud in *United States of America v. Margarita Shabazz*, Case No. 16 CR 634 (N.D. Ill. Filed Sept. 29, 2016).

32. On November 1, 2016, the grand jury returned an indictment charging Ms. Shabazz with six counts of bank fraud.

33. The Policy provides, in relevant part, as follows:

**Inland Marine Insurance**

Film Producers Risk
Property And Production Media

\*\*\*

| | |
|---|---|
| Money And Securities | We will pay for direct physical loss or damage to **money** and **securities**: |

 \*\*\*

- in the possession of any person authorized by you …;

 \*\*\*

caused by or resulting from a peril not otherwise excluded, not to exceed the applicable Limit of Insurance for Money And Securities shown under Property in the Declarations.

 \*\*\*

| | |
|---|---|
| **Limits Of Insurance** | Except as provided under Special Limits – Props, Sets And Wardrobe Limit Of Insurance, the most we will pay in any **occurrence** is the amount of: |

- **production loss**; or
- loss or damage,

not to exceed the applicable Limit Of Insurance shown in the Declarations, regardless of whether any Coverage or Additional Coverage appears in any other contract or contracts which form a part of this policy.

 \*\*\*

caused by or resulting from a peril not otherwise excluded, not to exceed the applicable Limit of Insurance for Money And Securities shown under Property in the Declarations.

 \*\*\*

**Inland Marine Insurance**

Film Producers Risk
Conditions, Definitions And Abandonment Provision

\*\*\*

Occurrence          **Occurrence** means:

\*\*\*

    D.    for all other perils:

        1.    one event; or

        2.    a series of causally related events that:

            a.    contribute concurrently to; or

            b.    contribute in any sequence to,

the loss or damage.

\*\*\*

34. The Limit of Insurance for Money And Securities in the Policy is $10,000 and the deductible is $1,000.

35. On October 10, 2016, Chubb informed Mr. Singer that a single occurrence triggered coverage under each of the three policy periods, and after application of the $10,000 Limit of Insurance for Money And Securities for each policy period, the amount of the covered loss was $30,000.

36. Chubb took the position that Ms. Shabazz's common embezzlement scheme was a series of causally related events which contributed to the loss and, thus, is a single occurrence subject to the $10,000 Limit of Insurance for Money And Securities.

37. Thereafter, Chubb paid $30,000 to the insureds representing a $10,000 per occurrence limitation for each of the three policy periods.

38. On February 2, 2017, Concentrated and Coin Operated, through counsel, requested that Chubb reconsider its coverage position.

39. Concentrated and Coin Operated, through counsel, took the position that each act of embezzlement by Ms. Shabazz was "one event" because each act of embezzlement was "something that happens" and the embezzlement "took place at different times and involved different checks"

40. According to Concentrated and Coin Operated, through counsel, each time Ms. Shabazz improperly cashed a check, it was "one event" and, thus, an "occurrence" that triggered a separate $10,000 Limit of Insurance for the Money And Securities.

41. On March 22, 2017, Chubb responded through counsel, maintaining its coverage position with the exception, through further explanation, that only one $10,000 Limit of Insurance for the Money And Securities applied.

## COUNT I

## DECLARATORY JUDGMENT

42. Chubb restates and realleges Paragraphs 1 - 42 as Paragraph 43 as if fully set forth herein.

43. There is no coverage for the 55 checks that were written from Coin Operated's checking account after June 1, 2014, totaling $870,258.40, because the embezzlement occurred after Chubb's last policy expired.

44. Ms. Shabazz's embezzlement scheme, which employed the same *modus operandi* over several years, is "a series of causally related events" and, thus, one occurrence subject to one $10,000 Limit of Insurance for Money And Securities.

45. The covered amount under the Money And Securities coverage is $10,000, the Limit of Insurance for Money And Securities in the Policy.

46. Chubb has fully discharged and extinguished its legal and contractual obligations to Concentrated and Coin Operated, and Concentrated and Coin Operated are not entitled to any more than $10,000 under the Policy.

47. An existing and actual controversy exists between Chubb and the insureds, Concentrated and Coin Operated, concerning the parties' rights and obligations with regard to the Policy.

WHEREFORE, Plaintiff, Chubb National Insurance Company, prays that judgment be entered in its favor and against Defendants, Concentrated, LLC, Jon Singer Productions, and Coin Operated Films, LLC, declaring:

a) That there is no coverage for the 55 checks that were written from Coin Operated's checking account after June 1, 2014, totaling $870,258.40;

b) The covered amount under the Money And Securities coverage is $10,000;

c) That Chubb National Insurance Company owes no further coverage and that there is no additional amount due; and

d) That the Court grant such other, further and different relief as the Court deems equitable and proper.

Dated: May 18, 2017

Respectfully submitted,

**FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**

By: /s/ Kirk M. Zapp
_____
Matthew S. Ponzi
Kirk M. Zapp
**FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Telephone: (312) 863-5070
(312) 863-5028
Facsimile: (312) 863-5099
E-mail: mponzi@fgppr.com
kzapp@fgppr.com

Attorneys for Plaintiff Chubb National Insurance Company

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2017, I electronically filed the foregoing Complaint with the Clerk of Court using the CM/ECF.

I further hereby certify that on May 18, 2017, I mailed by United States Postal Service First Class Mail and by electronic mail the foregoing Complaint to the following non-registered participants:

Jason M. Rosenthal
Honigman Miller Schwartz and Cohn LLP
One South Wacker Dr., 28th floor
Chicago, IL 60606-4617
jrosenthal@honigman.com

Attorneys for Defendants Concentrated, LLC, Jon Singer Productions, and Coin Operated Films, LLC

/s/ Kirk M. Zapp
_____
Kirk M. Zapp
FORAN GLENNON PALANDECH PONZI
& RUDLOFF PC
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Telephone:  (312) 863-5028
Facsimile:  (312) 863-5099
E-mail:  kzapp@fgppr.com

Attorneys for Plaintiff Chubb National Insurance Company